UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHATMAN, CDCR #BD-5474, <br><br> Plaintiff, <br><br> vs. <br><br> TOYOTA OF ESCONDIDO; TOYOTA MOTOR SALES USA; TOTOYA CORPORATION JAPAN; RICK WHITTING, Sales Manager, <br><br> Defendants. | Case No.: 3:17-cv-02569-GPC-KSC <br><br> **ORDER:** <br><br> **1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]** <br><br> **AND** <br><br> **2) DISMISSING CIVIL ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

ERIC CHATMAN ("Plaintiff"), proceeding pro se and incarcerated at California Substance Abuse Treatment Facility ("SATF"), in Corcoran, California, filed a civil Complaint alleging personal injury and negligence on a State of California Judicial Council Form in this Court on December 26, 2017. *See* Compl., ECF No. 1.

Plaintiff did not prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a), but instead, filed a Motion to Proceed In Forma Pauperis ("IFP"). *See* ECF No. 2. He has since submitted a letter addressed to the Court and detailing the allegations raised in his Complaint. *See* ECF No. 4. His letter has been accepted for filing in light of Plaintiff's

1

pro se status, and despite Local Rule 83.9, which prohibits such ex parte communications. *See* ECF No. 3.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the Plaintiff is a prisoner at the time of filing, even if he is granted leave to proceed IFP, he remains obligated to pay the entire filing fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

3:17-cv-02569-GPC-KSC

preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report showing his available balance and trust account activity at SATF. *See* ECF No. 2 at 5-6; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. This statement shows while Plaintiff had $100.33 deposited to his account over the 6-month period immediately preceding the filing of his Complaint, he had an *available* balance of zero at the time of filing. *See* ECF No. 2 at 6.

Based on this accounting, the Court GRANTS Plaintiff's Motion to Proceed IFP, and will assess no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The Court will further direct the Secretary of the CDCR, or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

**II.      Sua Sponte Screening pursuant to 28 U.S.C. § 1915(e)(2)**

A.      <u>Standard of Review</u>

If a prisoner's complaint "seeks redress from a governmental entity or officer or employee of a governmental entity," the Court "shall review" the pleading "as soon as practicable after docketing," and "dismiss the complaint, or any portion of the complaint, if [it] ... is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1); *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th

Cir. 2014). Here, Plaintiff seeks to sue a car manufacturer, one of its dealerships, and a sales manager for allegedly drugging and raping him while he was employed there "around" January 1997. *See* ECF No. 1 at 1-5. Plaintiff does not seek redress from or name any governmental actors or entities as Defendants. *Id.* at 1-2.

Therefore, § 1915A(a)'s screening provisions do not apply. *See Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) ("Section 1915A mandates early review … for all complaints 'in which a prisoner seeks relief from a governmental entity…'") (quoting § 1915A(a)); *see also Thompson v. Hicks,* 213 Fed. Appx. 939, 2007 WL 106785 at *3 (11th Cir. 2007) (noting that because a private defendant was not a "governmental entity" as described in § 1915A, prisoner's complaint as to that defendant was not subject to dismissal under § 1915A).

However, because Plaintiff is proceeding IFP, his Complaint *is* still subject to sua sponte review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief," regardless of whether he seeks redress from a "governmental entity." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). The purpose of § 1915's screening provisions are "'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom*, 762 F.3d at 920 n.1 (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

B.   Plaintiff's Allegations

As noted above, Plaintiff's Complaint seeks millions of dollars in general and punitive damages from Toyota of Escondido, Toyota Motor Sales USA, Toyota

4

Corporation Japan, and Rick Whitting, a Toyota sales manager, for allegedly drugging and raping him while he was employed by them as a salesman more than 20 years ago. *See* ECF No. 1 at 4-6. He asserts no federal jurisdictional basis for his claims, but instead merely provides the lurid details of Defendants' purported offenses in a subsequently-filed letter addressed to the Court which also requests additional forms of relief—including "100% of Toyota Corp.," "child support," and "taxes" because he "could have been infected with HIV" as a result of his sexual assault. *See* ECF No. 4 at 4-8.

C.  Discussion

A preliminary review of Plaintiff's Complaint shows that his claims are subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because they are duplicative of those raised, and since dismissed, in another civil action he filed in the Southern District of California in September 2017. *See Chatman v. Toyota of Escondido, et al.*, S.D. Cal. Civil Case No. 3:17-cv-01853-BAS-JLB ("*Chatman I*") (ECF No. 1). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii) [formerly § 1915(d)] if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).

In *Chatman I*, Plaintiff alleged, as he does in this case, that the same Defendants, Toyota of Escondido, Toyota Motor Sales USA, and Rick Whitting, a Toyota Sales Manager, drugged and raped him while he was employed there between 1996 and 1998. *See Chatman I*, ECF No. 1 at 1-7. Plaintiff also filed several ex parte letters in *Chatman I*, as he has also done in this case, setting forth and repeating the details of Defendants' purported offenses. *Id.*, ECF Nos. 4, 6, 8, 10, 12. On November 8, 2017, Judge Bashant granted Plaintiff leave to proceed IFP in *Chatman I*, but sua sponte dismissed his case for

5

3:17-cv-02569-GPC-KSC

failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See* ECF No. 18. Judge Bashant also denied Plaintiff leave to file an amended pleading in that case, finding amendment would be futile. *Id.* at 9.

Because Plaintiff's current Complaint alleges the same facts, is based on the same incidents, and re-alleges the same claims against the identical Defendants as did his previously-filed pleadings in *Chatman I*, the Court must dismiss this duplicative and subsequently-filed civil action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Cato*, 70 F.3d at 1105 n.2; *Nordstrom*, 762 F.3d at 920 n.1; *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, [the court] examine[s] whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

## III. Conclusion and Order

Accordingly, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** this civil action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and **DENIES** leave to amend as futile. *See Rosati v. Igbinoso,* 791 F.3d 1037, 1039 (9th Cir. 2015) (leave to amend is not required if it is "absolutely clear

that the deficiencies of the complaint could not be cured by amendment.") (internal citations omitted); *Lopez*, 203 F.3d at 1127 n.8 (noting that if claims are frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend.").

     5.    **CERTIFIES** that an IFP appeal from this Order would also be frivolous, and therefore not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

     6.    **DIRECTS** the Clerk of Court to close the file.[2]

**IT IS SO ORDERED**.

Dated: February 21, 2018

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] While the Court has accepted Plaintiff's letter for filing despite his failure to comply with the Court's Local Rules, *see* ECF Nos. 3, 4, he is hereby cautioned that S.D. Cal. Local Civil Rule 83.9 provides that "attorneys or parties to any action must refrain from writing letters to the judge," and that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, any additional ex parte letters addressed to the Court in this matter will be rejected based on Local Rule 83.9, and because this Order terminates Plaintiff's case.